## C. P. Ervin v. James Hays et al.

### Gen. No. 4,849.

PLEA—*when court may properly exclude proof of, upon which issue has been joined.* The action of the court in excluding evidence offered after proof of a plea is proper notwithstanding such plea and the evidence in support thereof would constitute no legal defense to the action.

Assumpsit. Appeal from the County Court of Henderson county; the Hon. R. F. ROBINSON, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed August 6, 1907.

HANLEY & COX, for appellant.

BASSETT & MORGAN and J. W. GORDON, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This was a suit by James Hays and Sewell Shields, appellees, against C. P. Ervin, appellant, to recover damages for failure to deliver twenty head of cattle sold by appellant to appellees.

About the twentieth day of November, 1906, one Campbell agreed to sell appellant twenty head of cattle at six cents per pound, less 3% shrinkage. The cattle were to be delivered on December 4th, or within ten days. November 23rd, appellees bought these cattle from appellant for six cents a pound, less 3% shrinkage, and delivered to him a check for $20. Afterwards appellant notified appellees that he would not deliver the cattle to them, and instead, shipped them to Chicago and sold them, realizing a net profit on the transaction, after deducting commissions, etc., of $73.97. Appellees brought suit against appellant in the County Court of Henderson county, to recover for the profit appellant made in the Chicago sale. On January 2, 1907, appellees filed a declaration, and February 5, 1907, by leave of court, filed an amended declaration

containing five special counts based upon the facts above stated, and the common counts. Appellant interposed thereto the general issue and three special pleas, each of the special pleas charging in its commencement and conclusion that there was a total failure of consideration, but in its body or substance not averring failure of consideration at all. They did allege in varying forms that before appellant made the contract to sell the cattle, appellees or one of them told him that a certain carload of Shields' cattle had sold for $6.60 per hundred, when in fact it had sold for $6.70 per hundred; and that appellees well knew that fact and appellant did not know it, and that relying upon such statement and representation which were averred to have been fraudulently made to him, he sold said cattle at said price of $6 per hundred, whereas, had he heard that the other carload of cattle had sold for $6.70 per hundred on November 21st, he would not have made the contract; and that, on the evening of November 23rd, he learned these facts, and thereupon, on the morning of November 24th, notified appellees that he rescinded the contract. To these special pleas appellees interposed a general replication, denying that they made the statements and representations alleged in the pleas and each of them, and denying that they practiced any fraud or deceit upon appellant, and denying the allegation contained in each plea that appellant had returned or offered to return the $20 check. Appellant filed a *similiter* to this replication. On the trial, counsel for appellant asked of him certain questions tending to prove the allegations contained in the special pleas, which, upon objection of appellees, the court refused to allow, and on motion of appellees directed the jury to find the issues for appellees and to assess their damages at the net amount received by appellant from the sale of the cattle in question in Chicago, less the amount paid by appellant to Campbell. The jury returned a verdict for $73.97, the precise amount of said difference.

A motion for a new trial was overruled, judgment was entered on the verdict and this appeal was taken.

The main question for our consideration is, did the trial court err in refusing to permit appellant to prove the truth of the allegations of the special pleas? It is evident that said special pleas presented no legal defense to this action. They did not contain an averment that appellant was not familiar with the value of the cattle on the Chicago market. It was not charged that he had ever seen this previous carload of cattle sold by appellees, or knew how they compared with Campbell's cattle, or knew their value, or that he knew any less about what the value of these cattle would be when the time arrived for their delivery by Campbell, somewhere from December 1st to the 4th, than did appellees. Appellant's contention is, however, that appellees not demurring to his special pleas and having joined issue thereon, he had a right to introduce proof to establish the averments therein, and if his proof established the averments, that constituted a defense.

The issue formed was not on the pleas, but on the replication thereto; and the replication charged, not only that appellees did not make the statements and representations charged in the special pleas, but denied also that they used any fraud or deceit, and also denied that the check of $20 was tendered back. Appellant did not demur to this replication, but joined issue thereon, and thereby it became necessary for appellant to prove, not merely that appellees had made the statements or representations complained of, but also that they had been guilty of fraud and deceit, and also that appellant had tendered back the $20 check. The evidence did not tend to show fraud or deceit such as would invalidate the contract, and appellant did not tender back the check. He left it with a bank and telephoned appellees. Appellees did not accept the check and it never was presented to them. The evidence offered and excluded by the court did not tend to establish any defense to the action, and

there was no error in the court's excluding it from the consideration of the jury and directing a verdict for appellees. . It is further claimed by appellant that the instruction directing a verdict deprived him of the $20 represented in the check, and the expense of shipping and selling the cattle, but this is not supported by the evidence, for the reason that the check is where he deposited it and he can reclaim it and avail himself of it whenever he sees fit. The instruction was to allow the net amount of the sale of the cattle, and required the jury to deduct all expenses, which by their verdict they did, as the proof shows.

Finding no reversible error in this record, the judgment of the trial court is affirmed.

*Affirmed.*